### MANDAMUS TO COMPEL TRIMMING OF A HEDGE.

Common Pleas Court of Licking County.

STATE OF OHIO, ON RELATION OF THEODORE F. HAINES, v. WARREN F. WAGNER ET AL.

Decided, January Term, 1918.

*Hedge Fences—Enforcement of the Statute Restricting the Size of— Pleadings—Discretion of Public Officials—Jurisdiction of Justice of the Peace.*

1. An action to require the trimming of a hedge along a public highway, in accordance with the provisions of Section 5935, is not open to demurrer on the ground that an order directing the township trustees and highway superintendent to proceed with the trimming of the said hedge would amount to control of their discretion as public officials.

2. The fact that the damages accruing under the said statute might exceed the jurisdiction of a justice of the peace is not a bar to such an action, but judgment could not be asked in a sum in excess of $300.

*Kibler & Kibler,* for plaintiff.

*Chas. L. Flory,* Prosecuting Attorney, contra.

FULTON, J. (orally).

This case is submitted to the court upon a demurrer to the petition. It is a suit brought by the state, on the relation of Haines, against the trustees of Burlington township, and one William Dunlap, highway superintendent of Burlington township.

The petition recites that these men are the duly elected and qualified trustees of Burlington township, and that Dunlap is the duly appointed and qualified township highway superintendent of Burlington township, and is still acting as such. Relator, who is the owner in fee simple of real estate, alleges that on the east side of a road, which passes in front of his premises, there is a hedge fence, which for a longer period than six months has been permitted to remain of a greater height and width than six feet; that the same is, and for years last past has been allowed to grow to the height of about twenty-five feet, and the branches thereof extend over and across the east half of said highway so as to obstruct the ordinary public use thereof.

The petition then recites the duties of these officers in reference to a hedge of that kind, that they have certain duties to perform in reference to it, and makes allegations which cover statutory matters which are required to be put in a petition in a case of this kind, and then comes the prayer of the petition:

"Wherefore, your relator prays that an alternative writ of mandamus issue out of this court requiring the said defendant, Dunlap, as such township highway superintendent, to give said notice to the owner of said hedge fence, and make complaint against such owner that said hedge fence is unlawful and unless it is cut to the legal height and width of six feet within 20 days from the service of said notice, a suit will be commenced for the violation of the statute which forbids the owner of said hedge fence to permit the same to remain of a greater height and width than six feet, and compelling the said defendants, Wagner, Edmund and Patton as such trustees, in case of the failure of said owner of said hedge fence to comply with said notice within said time, to commence an action against such owner before a justice of the peace of said township to recover a sum of money not exceeding fifteen cents per rod of such fence,

and requiring the said defendant, Dunlap, as such township highway superintendent, before said judgment is rendered to cause it to be made to appear by affidavit that the owner of said hedge fence has had at least 20 days' notice before the beginning of said suit, that such hedge fence is unlawful and that unless the same be cut to the legal height and width within 20 days from the service of said notice that such suit would be commenced, and to show cause why they should not perform the duties and obligations aforesaid, and that on final hearing of this cause that said writ be made peremptory, and that said defendants respectively be commanded and compelled by order of this court to perform said duties in respect to said hedge fence and the owner thereof as are provided by law, and your relator prays for all other proper relief to which he may be entitled in equity.''

To that petition there is a general demurrer filed, claiming that the petition does not state facts sufficient to constitute a cause of action. That matter was argued and submitted to the court.

In the brief which has been filed in this case, the demurrant states four reasons why he claims that the court should sustain this demurrer: 1st. The cause of action made by the petition seeks to control the discretion of the defendants as public officers. 2d. The petition does not allege that the amount of damage the relator would have the defendants sue for is within the jurisdiction of a justice of the peace. 3d. The relator is himself furnished an adequate remedy at law. 4th. There is no law authorizing the trustees to remove the hedge fence.

Section 5935 reads as follows:

''The owner of a hedge fence on a partition line, or along a public highway, shall not permit it to remain of a greater height or width than six feet, for a longer period than six months, or leave the cuttings from it on the public highway for a longer period than ten days.''

''Section 5936. A person violating the next preceding section shall be liable to the person damaged in a sum not exceeding twenty cents per rod of such hedge fence. If the hedge is along a public highway, he shall be liable to the trustees of the township in which it is situate in a sum not exceeding fifteen cents per rod of such fence.''

"Section 5937. Before judgment is rendered under the next preceding section, it must appear, by affidavit, that the person complained against has had at least twenty days' notice, before the beginning of the suit, from the person complaining, that such hedge was unlawful and that unless it was cut to the legal height within twenty days, suit would be commenced for such violation."

"Section 5938. Actions under the next three preceding sections shall be brought upon the complaint of the person damaged, before a justice of the peace of the township in which the hedge is situated, or if it is along a public highway, the complaint shall be made by the road superintendent in whose district it is situated."

It is claimed by the demurrant that this petition seeks to control the discretion of defendants as public officers. The court does not think that is so. It was argued that because it is said in the statute they could recover a sum not exceeding fifteen cents per rod, that they might find there was no damage at all by reason of this fence being left as it was, and for that reason they would not bring a suit under this section because they thought that there was no damage at all on account of the hedge, and that to seek to compel them to bring this suit would be to compel them to do differently than their judgment would tell them to do under the circumstances. But, the court does not think that the statute should be construed in that way. The court does not think that they have a right to say, where the fence is in that shape—that is, as described in this petition—that they could find there was no damage at all, and for that reason they would not be required to bring a suit. "If the hedge is along a public highway as this is he shall be liable to the trustees of the township in which it is situate in a sum not exceeding fifteen cents per rod of such fence."

Now, the court thinks that section makes it peremptory upon the trustees, when this state of facts exists, to bring the action against the owner for such sum as they might determine, but some sum must be designated. And the court thinks that ground of the demurrer is not well taken.

The second ground of the demurrer is that the petition does not allege that the damages which the relator would have the defendant sue for is within the jurisdiction of a justice of the peace. The court thinks that is not well taken. The statute is peremptory, and says that the action must be brought before a justice of the peace. It could not be brought for a larger amount, of course, than the jurisdiction of a justice of the peace, could not be brought for a larger sum than $300, but the statute says that the action must be brought before a justice of the peace. So, the court does not think that ground of the demurrer is well taken.

The next ground of the demurrer is that the relator is furnished an adequate remedy at law. I do not know what the adequate remedy at law would be. The court does not think that that ground is well taken. The demurrer is overruled and exceptions.